PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | **District** |
|---|---|
| **Name** (under which you were convicted): KEVIN B. STRICKLAND | **Docket or Case No:** |
| **Place of Confinement :** CRCC | **Prisoner No.:** 36922 |
| **Petitioner** V.<br>(include the name under which you were convicted)<br>KEVIN B. STRICKLAND | **Respondent**<br>(Authorized person having custody of Petitioner)<br>LARRY DENNY |
| **The Attorney General of the State of :** MISSOURI | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: JACKSON COUNTY CIRCUIT COURT, KANSAS CITY MISSOURI

(b) Criminal docket or case number (if you know): CR79-0361

2. (a) Date of the judgment of conviction (if you know): April 1979

(b) Date of sentencing: June 1979

3. Length of sentence: liFE without paROLE FiFty yEARS REMD 565.008

4. In this case, were you convicted on more than one count or of more than one crime?   Yes X No

5. Identify all crimes of which you were convicted and sentenced in this case: CAPITOL MURDER, TWO SECOND dEGREE MURDER chARGES

1

6. (a) What was your plea? (Check one)
    (1) Not guilty  X             (3) Nolo Contendere (no contest)___

    (2) Guilty ___                (4) Insanity plea ___

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Not guilty to All charges of capitol Murder )

    (c) If you went to trial, what kind of trial did you have? (check one)

        Jury X        Judge only ___

7. Did you testify at a pretrial hearing , trial, or a post-trial hearing?

        Yes X        No ___

8. Did you appeal from the judgment of conviction?

        Yes X        No ___

9. If you did appeal, answer the following:

    (a) Name of court: Missouri Supreme Court

    (b) Docket or case number (if you know): #61528  609 S.W. 2d 392

    (c) Result: Judgement Affirmed

    (d) Date of result (if you know): 12 - 15 - 1980

    (e) Citation to the case (if you know): State v Strickland 609 S.W. 2d 392

    (f) Grounds raised: Insufficient Evidence to Convict of Capitol Murder; Sufficiency of the Indictment; illegal Seizure of Evidence; States closing Argument; Use of  MAI - CR

    (g) Did you seek further review by a higher state court?    Yes___    No X

    If "Yes," answer the following:

    (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Result: N/A

    (4) Date of result (if you know): N/A

2

(5) Citation of the case (if you know): N/A

(6) Grounds raised: N/A

_N/A_

_N/A_

_N/A_

_N/A_

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ___ No X
If "Yes," answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petition, application or motions concerning this judgement of conviction in any state court?

Yes X          No ___

11.  If your answer to Question 10 was "YES," give the following information:

(a) (1) Name of court: SUPREME COURT OF MISSOURI

(2) Docket or case number (if you know): SC91945

(3) Date of filing (if you know): August          2011

(4) Nature of the proceeding: S. CT. RULE 91

(5) Grounds raised: INEFFECTIVE ASSISTANCE OF APPEAL
COUNSEL; NEWLY DISCOVERED EVIDENCE

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
Yes ___          No X

(7) Result: DENIED

(8) Date of result (if you know): NOVEMBER          2011

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: MISSOURI SUPREME COURT

3

(2) Docket of case number (if you know): SC61528

(3) Date of filing (if you know): September 2012

(4) Nature of the proceeding: Recall the Mandate

(5) Grounds raised: Ineffective Assistance of Appellate Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
Yes ___  No X

(7) Result: Denied

(8) Date of Result (if you know): 11-20-12

(c) If you file any third petition, application, or motion, give the same information:

(1) Name of court: Missouri Court of Appeals W.D.

(2) Docket of case number (if you know): 37,656

(3) Date of filing (if you know): April 2013

(4) Nature of the proceeding: Motion to Recall Mandate

(5) Grounds raised: Newly discovered evidence, Ineffective Assistance of Appellate Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ___  No X

(7) Result: Denied

(8) Date of result (if you know): 6-25-2013

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      Yes X   No ___
(2) Second petition     Yes X   No ___
(3) Third petition      Yes X   No ___

4

Case 4:13-cv-00739-BP   Document 1   Filed 07/16/13   Page 4 of 24

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _N/A_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** _Actual Innocence_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
_Alleged codefendant gave detailed confession after any conviction, naming his three true accomplices and totally exonerating me of any involvement. States witness has contacted legal aid attempting to correct her coerced mistaken identification testimony of this petitioner, in 2009_

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A_

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did your raise this issue?
Yes ___     No _X_

(2) If you did not raise this issue in your direct appeal, explain why? _Counsel was ineffective and/or abandoned the issue_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes _X_     No ___

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _S. Ct. Rule 27.26_

Name and location of the court where the motion or petition was filed: _Jackson County Circuit Court, Kansas City Missouri_

5

Docket or case number (if you know): CV83-11316

Date of the court's decision: 9-11-85

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?
Yes X       No ___

(4) Did you appeal from the denial of your motion or petition?
Yes X       No ___

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes X       No ___

(6) If your answer to Question (d)(4) is "Yes," state

Name and location of the court where the appeal was filed: MISSOURI COURT OF APPEALS W.D. KANSAS CITY MISSOURI

Docket or case number (if you know): 37,656

Date of the court's decision: 1-13-87

Result (attach a copy of the court's opinion or order if available)_____

(7) If your answer to Question (d)(4) or Questions (d)(5) is "No", explain why you did not raise this issue: N/A
N/A

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground One: S.CT. RULE 91 SC91945; RECALL THE MANDATE SC61528

**GROUND TWO:** DENIAL OF 6th AMEND Right to EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): August 1979, 4 MONTH AFTER PETITIONERS CONVICTION; Alleged CO-DEFENDANT VINCENT BELL GAVE DETAILED CONFESSION totally EX-ONERATING PETITIONER AND NAMING his TRUE ACCOMPLICES; WHOS NAMES WERE listed IN PETITIONERS police REPORT STATEMENT; 2009 STATES WITNESS SEEKS ASSISTANCE IN CORRECTING HER COERCED MISTAKEN IDENTIFICATION OF PETITIONER

6

Case 4:13-cv-00739-BP   Document 1   Filed 07/16/13   Page 6 of 24

(b) If you did not exhaust your state remedies on Ground Two, explain why: ___N/A___

## (c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ___      No _X_

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why? INEFFECTIVE
ASSISTANCE OF COUNSEL NOT COGNIZABLE ON DIRECT APPEAL IN 1980;
2009 EVIDENCE NOT AVAILABLE IN 1980

## (d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
        Yes _X_        No ___

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: S. CT. RULE 27.26

        Name and location of the court where the motion or petition was filed: JACKSON COUNTY
        CIRCUIT COURT, KANSAS CITY MISSOURI

        Docket or case number (if you know): CV83-11316

        Date of the court's decision: 9-11-85

        Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion or petition?
        Yes _X_        No ___

    (4) Did you appeal from the denial of your motion or petition?
        Yes _X_        No ___

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
        Yes _X_        No ___

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: MISSOURI COURT OF
        APPEALS W.D. KANSAS CITY MISSOURI

        Docket or case number (if you know): 37,656

        Date of the court's decision: 1-13-80

        Results (attach a copy of the court's opinion or order if available) N/A

7

(7) If your answer to Question (d)(4) or Questions (d)(5) is "No," explain why you did not raise this issue: N/A

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Two: State habeas Corpus SC61528 Motions to Recall Mandate

**GROUND THREE:** Denial of 6th Amend Right to Effective Assistance of counsel on Appeal

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Counsel became aware of New actual innocense evidence After the time for Filing motion for New trial but prior to Appeal; but chose not to move for a remand to trial court to amend motion for New trial to include newly discovered actual innocense so that the issue could be preserved for appeal review

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

N/A

N/A

N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes _____    No X

(2) If you did not raise this issue in your direct appeal, explain why? Ineffective Assistance of Appellate counsel Not cognizable on direct Appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes X         No_____

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Recall the Mandate

Name and location of the court where the motion or petition was filed: Missouri Supreme Court Jefferson City Missouri

Docket or case number (if you know): SC61528

Date of the court's decision: 11-20-12

8

Remark (attach a copy of the court's opinion or order, if available):_____

(3) Did you receive a hearing on your motion or petition?
Yes ____        No X

(4) Did you appeal from the denial of your motion or petition?
Yes ____        No X

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ____        No X

(6) If your answer to Question (d)(4) is "Yes," state

Name and location of the court where the appeal was filed:_____ N/A _____
                                                                N/A

Docket or case number (if you know):_____ N/A

Date of the court's decision:_____ N/A

Results (attach a copy of the court's opinion or order if available)_____ N/A

(7) If your answer to Question (d)(4) or Questions (d)(5) is "No," explain why you did not raise this issue: __RECALL MANDATES IN MISSOURI SUPREME COURT ARE NOT APPEALABLE__

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Three:_____ N/A
                                                                N/A
                                                                N/A

**GROUND FOUR:** BRADY VIOLATION 4th AMEND, VIOLATION OF PRODUCTION OF REQUESTED EXCULPATORY STATEMENTS RELEVANT TO DEFENSE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

TRIAL COUNSEL FILED PRE-TRIAL MOTION FOR PRODUCTION OF SPECIFIC EXCULPATORY STATEMENTS FROM SPECIFIC DEFENSE PEOPLE; MOTION OVERRULED

(b) If you did not exhaust your state remedies on Ground Four, explain why: COUNSEL ABANDONED THE CLAIM ON DIRECT APPEAL

9

**(c) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes _____     No X

(2) If you did not raise this issue in your direct appeal, explain why? _Abandoned by COUNSEL_

---

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes _____     No X

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____N/A_____

Name and location of the court where the motion or petition was filed: _N/A_ _N/A_

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach of copy of the court's opinion or order, if available): _N/A_ _N/A_

(3) Did you receive a hearing on your motion or petition?
Yes _____     No X

(4) Did you appeal from the denial of your motion or petition?
Yes _____     No X

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes _____     No X

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_ _N/A_

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order if available) _____N/A_____ _N/A_

10

(7) If your answer to Question (d)(4) or Questions (d)(5) is "No", explain why you did not raise this issue: INEFFECTIVE ASSISTANCE AND/OR ABANDONMENT by POSTCONVICTION COUNSEL

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Four: N/A
N/A
N/A

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ___    No X

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: BRADY VIOLATION, INEFFECTIVE ASSISTANCE AND OR ABANDONMENT by COUNSEL

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: #4 ABANDONED by COUNSEL; #2 IN PART ABANDONED by POSTCONVICTION COUNSEL AND INEFFECTIVE IN PART

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes X    No ___

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach of copy of any court opinion or order, if available: UNITED STATES DISTRICT COURT W.D. of MISSOURI AT JEFFERSON CITY  88-0629-CV-W-JWO; FEDERAL HABEAS CORPUS; MIRANDA CLAIM; 4th AMEND SUPPRESSION CLAIM; PROSECUTORIAL MISCONDUCT; DENIED 11-8-1988

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal for the judgment you are challenging? Yes ___    No X

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: N/A
N/A
N/A
N/A

11

Case 4:13-cv-00739-BP   Document 1   Filed 07/16/13   Page 11 of 24

16. Give the name and address, if you know, of each attorney who represented you in the following state of the judgment you are challenging:

(a) At preliminary hearing: John B. Williams

(b) At arraignment and plea: John B. Williams

(c) At trial: John B. Williams

(d) At sentencing: John B. Williams

(e) On appeal: John B. Williams, Lee Nation

(f) In any post-conviction proceeding: David S. Durbin

(g) On appeal from any ruling against you in a post-conviction proceeding: David S. Durbin

17. Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?    Yes ___    No X

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ___    No X

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*(see below) Newly discovered actual innocence did not surface until 2009; did not complete state filings attempting to have issue heard until 2013. Motions to Recall Mandate and State habeas Corpus.

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the

12

expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitution right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of true diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

Therefore, petitioner asks that the Court grant the following relief: EVIDENTIARY HEARING, APPOINT COUNSEL, IMMEDIATE RELEASE AND/OR NEW TRIAL

or any other relief to which petitioner is entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 7-16-2013 (month, date, year).

Executed (signed) on 7-16-13 (Date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition._____

## Preliminary Statement

Pursuant to U.S.C. 2254 (B)(i)(B)(ii); Herrera v. Collins, 506 U.S. 390; Schlup v. Delo, 513 U.S. 298, litigants are permitted to file a second habeas corpus; if, the factual predicate of a new claim could not have been discovered through the exercise of due diligence at the time of the filing of the first habeas corpus and/or if the litigant is alleging actual innocense, supported by a constitutional violation.

Herein Petitioner in fact asserts a claim of actual innocense accompanied by a constitutional violation of the denial of effective assistance of trial and/or appeal counsel, pursuant to the Sixth Amendment of the United States Constitution.

Petitioner has filed various motions to recall the mandate and state habeas corpus attempting to have his actual innocense claim heard; to no avail.

## Statement And Facts Of Case History

(1).    April 1978 there was a triple homicide with one surviving female victim, (Cynthia Douglas-Richardson).

(2).    April 25, 1978 at the crime scene, Douglas-Richardson made a police report statement alleging four (4) assailants, naming two (2) of the four (4) assailants by first and last names (vincent Bell, Kilm Adkins); stating: she was under influence of marijuana and cognac, and she had her head down and did not see much, (See Petitioner's attached Exhibit "A" made a part hereto).

1.

(3).    April 25, 1978 at the crime scene, Douglas-Richardson
clearly states:  She did not know or recognize two (2) of her
four (4) assailants;  (See Attached Exh. "A").

(4).    April 26, 1978 less than twelve (12) hours of giving
her first police report statement; Douglas Richardson calls
police and gives them this Petitioner's name as one of the two (2)
assailants she did not know or recognize 4-25-78,

(5).    April 26, 1978 Douglas-Richardson gives a second police
report statement identifying this Petitioner as one of the two (2)
assailants she did not know or recognize 4-25-78; also stating:
"after receiving identification suggestions from family and
friends, she concluded this Petitioner was involved," (See
Attached Exh. "B"),

(6).    April 26, 1978 this Petitioner was arrested, taken to
police headquarters and thoroughly questioned; where Petitioner
gave a detailed statement of his daily activities, phone calls
and home visitors, (See Attached Exh. "C" police report),

(7).    April 26, 1978 Douglas-Richardson picked this Petitioner
out of lineup as someone she knows,

(8).    Petitioner had no legal representation at the lineup,

(9).    Petitioner's family retained counsel for Petitioner,

(10).    May or June 1978 clearly identified assailants <u>Kilm Adkins</u>
AND <u>Vicent Bell</u> were arrested in kansas and brought back to
Missouri, on the charges,

(11).    Neither Adkins or Bell made a statement upon their arrest,

2.

(12). October 1978 this Petitioner's jury was composed of eleven (11) whites and one (1) black juror,

(13). The prosecution relied on the in-court identification testimony of states witness, <u>Douglas-Richardson</u>,

(14). Petitioner's defense attorney presented a not guilty defense, opposed to a mistaken identification,

(15). Petitioner's trial counsel did not:

      (A)  Move for continuance until the other alleged assailant charges were resolved; so that they could have testified on this Petitioner's behalf,

      (B)  Request gun-residue test on Petitioner to prove and support Petitioner's defense of not firing a weapon,

      (C)  Contact, investigate or interview clearly named individuals (<u>Kelvin Lewis</u>, <u>Paul Holloway</u> and <u>Terry Abbott</u>) within Petitioner's police report statement; Petitioner stated, left his home together; to support Petitioner's alibi,

      (D)  Subpeona phone records of Petitioner's witness <u>Eunice White</u> and Petitioner; to prove and support Petitioner's alibi of being home on the phone at the time of the crime,

      (E)  Confront the states witness with comparison photos of <u>Kelvin Lewis</u>, <u>Paul Holloway</u> and <u>Terry Abbott</u> to this Petitioner after referring to other possible assailants throughout the trial,

      (F)  Prepare and/or assist Petitioner with his trial testimony; knowing Petitioner would testify,

(16). The jury returned 8-4, 9-3 and 11-1 before being declared hung at 11-1,

(17). The sole black juror held out for acquittal,

(18). The prosecutor approaches defense counsel and states: "This won't happen next trial",

3.

(19).    The Court appointed trial counsel to handle the re-trial
scheduled for April 1979,

(20).    April 1979 a second jury of twelve (12) whites were chosen,

(21).    The prosecution and defense offered the same evidence
and defense as the October 78 first trial,

(22).    During deliberation, the jury wrote a note to the judge
requesting to review the states witness testimony; which was
denied,

(23).    Less one (1) hour later the jury returned a guilty
verdict,

(24).    The prosecutor then waived the death penalty as an option
of punishment; sentencing scheduled for June 1979,

(25).    Defense counsel filed notice of appeal and motion for
new trial,

(26).    The motion for new trial contained twenty seven (27)
claims of trial and constitutional error including but not
limited to a very viable Brady claims,

(27).    May 1979 alleged co-defendant Kilm Adkins enters an Alford
Plea to three (3) reduced counts of second degree murder and
received three (3) twenty years prison terms to run concurrent,

(28).    June 1979 Petitioner's motion for new trial was denied,
and Petitioner was sentenced to life without the possibility
of probation or parole until a minimum of fifty (50) years
imprisonment has been served, pursuant to RSMo 565.008,

(29).    July 1979 Petitioner was transfered to the Missouri
State Penitentiary at Jefferson City, Missouri,

4.

(30). August 1979 alleged co-defendant Vincent Bell CR79-0355 enters a very detailed confession plea to the charges, totally exonerating this Petitioner of any responsibility; explaining details about the crime State's witness Douglas-Richardson could not; explaining to the court how this Petitioner has been mistaken and wrongly convicted; and also naming his three (3) true accomplices by full first and last names, (See State v. Bell CR79-0355),

(31). August 1979 at the time of the Bell confession plea; Petitioner's direct appeal had not been friefed or argued,

(32). August 1979 after sitting in the court room listening to the Bell detail confession plea; State's witness Douglas-Richardson contacts law enforcement seeking to recant/correct her mistaken identification of this Petitioner; only to be turned away,

(33). September 1979 Petitioner's trial/appeal counsel mails Petitioner a copy of the Bell confession plea transcripts; however, he did not send Petitioner a copy of Petitioner's proposed direct appeal brief; or a motion seeking remand to the trial court to amend the motion for new trial to include a newly discovered actual innocence claims, based on the August 1979 Bell confession plea and attempt by the State's witness Douglas-Richardson to recant/correct her coered mistaken identification of this Petitioner,

(34). December 1980 Petitioner's direct appeal was denied, (See State v. Strictland, 609 S.W.3d 392),

5.

(35). The Direct Appeal issues did not contain the very viable Brady claim preserved for review in the motion for new trial; or a newly discovered evidence claim,

(36). The Appeal did include a insufficient evidence claim, (See State v. Strickland, 609 S.W.3d 392),

(37). The court denied that claim based on the in-court identification testimony of states witness Douglas-Richardson, (See State v. Strickland 609 S.W.3d 392),

(38). About 1981 alleged co-defendant Kilm Adkins signs a notarized affidavit stating Petitioner was not involved, and due to his pending charges, he could not testify on behalf of Petitioner April 1979, (See Attached exhibit "D"),

(39). About June 1983 Petitioner applied for a post-conviction, relief pursuant to S.Ct. Rule 27.26; alleging four (4) various forms of ineffective of trial counsel,

(40). December 1984 the post-conviction court assigned the motion NO. CV83-11316 and appointed counsel David Durbin of the public defenders office to assist and/or represent Petitioner

(41). About April 8th, 1985 Petitioner was transfered to the Jackson County Jail at Kansas City, Missouri, at which time Petitioner met and talked very briefly with appointed counsel on or about April 9th, 1985. Petitioner identified by names (Kelvin Lewis, Paul Holloway and Terry Abbott) as witnesses Petitioner claims trial counsel failed to investigate, interview or call as defense witnesses in Petitioner's pro se claim one (1).

6.

Petitioner also requested counsel amend the pro se motion to include a newly discovered evidence claim, identifying the proposed witnesses to be called in support of the amended claim five (5) (<u>Vincent Bell</u>, <u>Kilm Adkins</u>, <u>Paul Holloway</u>, <u>Kelvin Lewis</u>, <u>Terry Abbott</u> and <u>Cynthia Douglas-Richardson</u>),

(42). April 9th, 1985 counsel enters his very first appearance on behalf of Petitioner in a motion for leave to amend stating: "Due to his extensive caseload he is not familiar with Petitioner's case,"

(43). April 9th, 1985 appointed counsel filed an amended motion alleging newly discovered evidence; but, stating no facts to support the claim; and referring to State's witness <u>Douglas-Richardson</u> as a witness for the claim,

(44). April 12th, 1985 an evidence hearing was held on all issues presented, without counsel calling a single proposed witness to prosecute the pro se or amended claims,

(45). September 1985 the postconviction motion was denied, (<u>Strickland v. State, CV83-11316</u>)

(46). Postconviction counsel appealed the denied, (<u>Strictland v. State #37, 656) 726 S.W.2d 341 (Mo.App.W.D. 1987</u>),

(47). About 1988 Petitioner applied for Federal Habeas Corpus Relief, Strickland v. Armontrout NO. 88-0629-CV-W-JWO; Denied without prejudice 11-08-1988,

(48). About April 2013 alleged co-defendant <u>Vincent Bell</u>, <u>CR79-0355</u> (sign a notarized affidavit reaffirming his August 1979 confession plea was accurate, true and correct; (<u>See attached Exhibit "E"</u>),

7.

(49). From 1997 through present Petitioner has filed various state court motions to re-open, recall the mandate and State Habeas Corpus, attempting to have his miscarriage of justice issue heard, to no avail,


## Memorandum In Support

This case involves a case of miscarriage of justice in the form of actual innocense, ineffective assistance of trial, appeal and postconviction counsel, as well as abandonment by postconviction counsel.

Issues the Supreme Court Court holds merit reconsideration in a Federal Court, if the state courts refuse to look into the newly discovered evidence and facts that this case involves.

The U.S. Supreme Court has ruled in at least two cases recently that the Federal Courts will entertain a federal writ of habeas corpus under circumstances like those that have transpired herein. In Herrera v. Collins, 506 U.S. 390, and Schlup v. Delo, 513 U.S. 298, the holdings allows this court to re-open, re-visit or allow a second federal look at a case alleging actual innocence supported by a claim of constitution violation, based upon facts and evidence not available at the time of trial or the filing of the first Federal Habeas Corpus.

The new evidence herein is an e-mail correspondence made February 2009 from the midwestern innocence project to State's witness Douglas-Richardson; addressing her desire to recant/

8.

correct her 1978 coered mistaken identification of this
Petitioner, (See attached Exhibit "F").

This e-mail correspondence confirms Douglas-Richardson's
1979 trial testimony was in fact coered and false and is in
direct conflict with the two police report statements (Exhibits
A & B) of State's witness Douglas-Richardson in 1978.

In State v. Mooney, 670 S.W.2d 510, Mooney was also
convicted based on the sole testimony of his alleged victim.

After trial and the time for filing a motion for new trial
had expired; one of Mooney's withnesses tape recorded the alleged
victim stating: "he had lied and made up the allegations against
Mooney." That witness turned that recording over to Mooney's
attorney. Mooney's attorney reconized the importance of said
newly discovered actual innocence evidence and effectively moved
the appellate court to remand the case back to the trial court
to allow Mooney to amend and/or add a claim of newly discovered
evidence to the Motion For New Trial. The court held: "There
is authority for the trial judge to grant a new trial in any
case in which the accused was found guilty of a crime on the
basis of false testimony, where the trial court is satisfied
that perjury had been committed, and that an improper verdict
or finding was occasioned thereby"; citing State v. Harris,
428 S.W.2d 497, 500 [1] (Mo. 1968) wherein it is said: "It
would be patently unjust for a trial judge to refuse to grant
a new trial in any case in which an accused was found guilty
of a crime on the basis of false testimony, and the court

9.

"If satisfied that perjury had been committed and that an improper verdict or finding was thereby occasioned," would be under a duty to grant a new trial.  That is to say where it appears from competent and satisfying evidence that a witness for the prosecution has deliberately perjured himself and that without his testimony accused would not have been convicted, a new trial will be granted."  In Donati v. Gualdoni, 358 Mo. 667, 216 S.W.2d 519, 521 (1949), the court said:  "No verdict and resultant judgment, in any case, could be said to be just if the result of false testimony.  The trial court had the duty to grant a new trial if satisfied that perjury has been committed and that an improper verdict or finding was thereby occasioned."

Under the constitution the record evidence has to be reasonably credible, not impossible, and beyond a reasonable doubt, Jackson v. Virginia, 443 U.S. 317.  Here, the entire case rest on the mistaken identification testimony of a suriving victim that initially stated: she was under influenced of drugs and alcohol; had her head down and didn't see much; and did not know or recognize two (2) of her four (4) assailants; (See Exh. "A"), thereafter and less than twelve (12) hours later, states:  "after receiving identification suggestions from family members and friends overnight; she is positive this petitioner was one of the two (2) assailants she did not know or recognize the night before," and then August 1979 about four (4) months later, after hearing the Bell confession plea; she decides she

10.

was coerced and mistaken about her identification of this
Petitioner; and then thirty (30) years later, she contacts legal
assistance attempting to correct the miscarriage of justice
imposed on this Petitioner.

Thus, it is submitted that this case and facts fit into
the category of cases the Supreme Court has ruled are entitled
to a sceond look, as the only evidence in the case is now proven
to be false....

Petitioner pray this court issue a show cause order, appoint
Petitioner counsel, and hold an evidentiary hearing calling
the states witness on the issues involved herein.

Respectfully submitted,

Kevin Strickland #36922
Crossroads Correctional Center
1115 E. Pence Road
Cameron, Missouri 64429

Pro se